NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

RONALD PERRO,

                    Plaintiff,

       -against-

UNITED STATES OF AMERICA,

                  Defendant.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**

05-CV-1020 (JG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  MAY    ★
P.M.
TIME A.M.

JOHN GLEESON, United States District Judge:

      This is a *pro se* action in which plaintiff, Ronald Perro, alleges that unnamed

employees of the Federal Bureau of Prisons ("BOP") failed to provide him with dentures after

removing most of his teeth. By order dated March 28, 2005, this Court granted plaintiff's request

to proceed *in forma pauperis*, but directed that plaintiff amend his complaint. This Court noted,

*inter alia*, that it was uncertain 1) whether plaintiff was attempting to advance a claim pursuant

to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),

and 2) whether plaintiff's claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C.

§§ 1346(b), 2671-2680, was premature.

      On April 13, 2005, plaintiff filed an amended complaint, which clarifies that this

action is being brought solely pursuant to the FTCA. However, the amended complaint also

indicates that plaintiff's FTCA claim is premature in that plaintiff's tort claim was not denied by

BOP's Regional Counsel until well after this action was commenced.

      As noted in this Court's prior order in this case, the FTCA provides:

> An action shall not be instituted upon a claim against the United
> States for money damages for injury or loss of property or personal
> injury or death caused by the negligent or wrongful act or omission
> of any employee of the Government while acting within the scope

> of his office or employment, **unless the claimant shall have first
> presented the claim to the appropriate Federal agency and his
> claim shall have been finally denied by the agency in writing** ....

28 U.S.C. § 2675(a) (emphasis added).  Since "the terms of [the government's] consent to be

sued in any court define that court's jurisdiction to entertain the suit," *United States v. Sherwood*,

312 U.S. 584, 586 (1941), "[a]ny limitations imposed by the waiver statute, whether they be

substantive, procedural, or temporal, are to be strictly applied against the claimant." *Millares*

*Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998) (citing cases).  Section

2675(a) unambiguously "bars claimants from bringing suit in federal court until they have

exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993).  A

Court therefore lacks subject matter jurisdiction over prematurely filed FTCA claims, even if the

plaintiff subsequently exhausts his administrative remedies before substantial progress has been

made in the litigation. *Id.* at 111-13; *see, e.g., Hyatt v. United States*, 986 F.Supp. 96, 100

(E.D.N.Y. 1997).

Since it appears that this Court lacks subject matter jurisdiction, this action must

be dismissed. *See* Fed. R. Civ. P. 12(h)(3).  However, because plaintiff could state a cause of

action under the FTCA if he were to commence a new action by filing a complaint similar to his

Amended Complaint in this action, plaintiff's action is dismissed without prejudice.

Conclusion

For the reasons stated above, this action is hereby dismissed without prejudice.

*See* Fed. R. Civ. P. 12(h)(3).  Plaintiff may re-file this action at any time within six months after

the date on which BOP mailed plaintiff notice of its final denial of his tort claim. *See* 28 U.S.C.

§2401(b).

Plaintiff may use the Amended Complaint in this action as his complaint in a new action, but should omit the docket number and change the caption to read, "Complaint," rather than "Amended Complaint." If plaintiff wishes to proceed *in forma pauperis* in the new action, he must submit a new request along with his new complaint.

So Ordered.

_____s/John Gleeson_____

JOHN GLEESON
United States District Judge

Dated: Brooklyn, New York
April 28 , 2005